# STATE OF MICHIGAN

# COURT OF APPEALS

SOUTHEAST MICHIGAN SURGICAL
HOSPITAL, LLC, doing business as
SOUTHEAST MICHIGAN SURGICAL
HOSPITAL, and JAMIE LETKEMANN,

FOR PUBLICATION
August 9, 2016

Plaintiffs-Appellees,

v

No. 323425
Wayne Circuit Court
LC No. 11-015300-NF

ALLSTATE INSURANCE COMPANY,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

SAWYER, J. (*concurring in part and dissenting in part*).

I concur with the majority's conclusion that this case is controlled by our decision in *Bazzi v Sentinel Ins Co*, ___ Mich App ___; ___ NW2d ___ (Docket No. 320518, issued June 14, 2016), and, therefore, we must reverse the trial court. Because *Bazzi* concluded that the innocent third-party doctrine is no longer viable in light of the Supreme Court's decision in *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), the trial court erred in denying summary disposition to defendant. Once the trial court determined that the policy was obtained through fraud, defendant was entitled to summary disposition. The record firmly establishes that Kreklau made material misrepresentations in the application, and such misrepresentations were material to the risk and hazard associated with the policy because they induced Allstate to charge drastically lowered premiums. Thus, Allstate's rescission was effective with regard to Letkemann. Moreover, since Letkemann is barred from recovering no-fault benefits under the rescinded policy, so is Southeast Michigan Surgical Hospital, L.L.C. See *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 424; 864 NW2d 609 (2014).

I also agree with the majority's conclusion that neither of the alternative grounds advanced by plaintiff to affirm the case have merit. But, because I believe that *Bazzi* was correctly decided, I disagree with the majority's conclusion that it was incorrectly decided, and I dissent from the majority's call to convene a conflict panel pursuant to MCR 7.215(J)(2).

-1-

Accordingly, I would merely reverse the trial court's grant of summary disposition to plaintiffs and remand this matter to the trial court for entry of an order granting Allstate's motion for summary disposition under MCR 2.116(C)(10).


/s/ David H. Sawyer