# STATE OF MICHIGAN

# COURT OF APPEALS

TORIANA THOMAS,

       Plaintiff-Appellant,

v

ALLSTATE PROPERTY & CASUALTY
INSURANCE CO,

       Defendant-Appellee.

UNPUBLISHED
August 24, 2017

No. 332100
Wayne Circuit Court
LC No. 14-007797-NI

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

O'BRIEN, J. (*dissenting*).

In my view, reasonable minds could not differ as to whether plaintiff made fraudulent statements or engaged in fraudulent conduct in connection with the accident or loss at issue in this case. That standard—whether reasonable minds could differ—is the appropriate standard under this Court's decision in *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), and we are bound by that rule of law, MCR 7.215(J)(1). Accordingly, I dissent.

In *Bahri*, 308 Mich App at 425-426, this Court affirmed a trial court's opinion and order granting summary disposition in favor of a defendant based on the application of an insurance agreement's anti-fraud provision. In doing so, this Court pointed to discrepancies between services the plaintiff claimed she needed and services that were actually necessary. *Id*. For example, the plaintiff claimed that she needed services from October 1, 2011, to February 29, 2012, but other evidence, i.e., the date of the accident, established that she only needed services from October 20, 2011, to February 29, 2012. *Id*. at 425. Similarly, as a second example, the plaintiff claimed that she needed assistance in "bending, lifting, carrying objects, running errands, and driving," but other evidence, i.e., surveillance, established that she was able to perform those activities without assistance. *Id*. Consequently, this Court concluded that "[r]easonable minds could not differ in light of this clear evidence that plaintiff made fraudulent representations for purposes of recovering . . . benefits." *Id*. at 426.

The same is true in this case. This is because, like in *Bahri*, the record includes a variety of discrepancies between services plaintiff claimed she needed and services that were actually necessary. For example, plaintiff claimed that she needed prescription sunglasses as a result of the accident, but other evidence, i.e., photographs taken by a private investigator on January 14, 2014, and photographs uploaded to plaintiff's Facebook page, established otherwise. Similarly,

as a second example, plaintiff claimed that she needed assistance performing ordinary daily tasks, but the private investigator's observations on January 14, 2014, established otherwise. The majority dismisses these discrepancies as "photographs on a single day of plaintiff going about her business without her glasses" or "isolated examples of conduct inconsistent with a claim for benefits," but those are precisely the type of discrepancies that this Court relied on in reaching its conclusion in *Bahri*. "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified . . . ." MCR 7.215(J)(1).

Nevertheless, the majority, relying heavily on this Court's decision in *Shelton v Auto-Owners Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 328473), concludes that defendant's argument "fall[s] well short of resolving the question beyond an issue of material fact." While I believe that the facts of this case are significantly more comparable to those in *Bahri*, as opposed to those in *Shelton*, my primary concern with the majority's conclusion in this regard is that it alters the rule of law established in *Bahri*. In *Bahri*, this Court held that summary disposition is appropriate where "[r]easonable minds could not differ in light of . . . clear evidence that plaintiff made fraudulent representations for purposes of recovering . . . benefits." *Bahri*, 308 Mich App at 426. In this case, however, it is my view that the majority has altered that standard by requiring that fraud be established beyond a question of fact.

Here, I do not necessarily disagree that defendant failed to establish fraud beyond a question of fact, but, under *Bahri*, there has to be an inquiry into the reasonableness of these questions of fact. For example, plaintiff asserted that she needed prescription eyeglasses during "daylight" and required assistance performing ordinary daily tasks, but the private investigator's observations on January 14, 2014, and the Facebook photographs clearly established otherwise. While this discrepancy may, in theory, create a question of fact, it is my view that it does not create a question of fact that reasonable minds could differ on. Therefore, under *Bahri*, summary disposition is appropriate.

In sum, this case requires that this Court determine if reasonable minds could differ as to whether plaintiff made fraudulent statements or engaged in fraudulent conduct in connection with the accident or loss at issue. I would conclude that reasonable minds could not. In my view, plaintiff's obviously false assertions cannot, reasonably, prevent this conclusion. Accordingly, I would affirm.

/s/ Colleen A. O'Brien

-2-