# STATE OF MICHIGAN

# COURT OF APPEALS

---

EMMANUEL MCCUNE, JR.,

        Plaintiff-Appellant,

and

NORTHLAND RADIOLOGY, INC.,
EXCELLENT PAIN CONSULTANTS, INC., and
EVOKE MEDICAL SERVICES, INC.,

        Intervening Plaintiffs,

v

ALLSTATE INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
January 8, 2019

No. 340476
Wayne Circuit Court
LC No. 16-006823-NF

---

Before: MURRAY, C.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

In this action for personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., plaintiff[1] appeals as of right the trial court's orders granting defendant's motion for summary disposition, and denying his motion for reconsideration. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On November 4, 2015,[2] plaintiff was hit by a vehicle while riding his bicycle. As plaintiff had no automobile insurance and could not identify the driver of the vehicle, he filed an application for PIP benefits with the Michigan Automobile Insurance Placement Facility (MAIPF) on November 30, 2015, and his claim was assigned to defendant through the Michigan

---

[1] The intervening plaintiffs are not parties to this appeal. We refer to Emmanuel McCune, Jr. only as plaintiff throughout this opinion.

[2] Plaintiff's application for PIP benefits lists the accident date as November 6, but his complaint as well as the EMS and State of Michigan traffic crash reports list November 4, 2015.

-1-

Assigned Claims Plan (MACP). When defendant refused to pay the benefits requested, plaintiff filed the instant action on May 31, 2016, claiming that he suffered bodily injury in the November 2015 accident and was entitled to payment for all necessary medical and hospital expenses.

Defendant subsequently moved for summary disposition of plaintiff's complaint pursuant to MCR 2.116(C)(10), asserting that plaintiff was ineligible for benefits under MCL 500.3173a, the no-fault provision that governs claims made to the MAIPF, because he committed multiple fraudulent insurance acts in support of his claim. In response, plaintiff argued that to be successful on its motion for summary disposition, defendant had to demonstrate both knowledge and an intent to defraud, which it failed to do. Specifically, he asserted that the inconsistencies alleged were minor and immaterial to his claim for benefits, and that defendant did not detrimentally rely on the inconsistent statements. Ultimately, the trial court granted defendant's motion for summary disposition and dismissed plaintiff's complaint, determining that he committed multiple fraudulent insurance acts contrary to MCL 500.3173a(2) because it was undisputed that: (1) he failed to disclose preexisting injuries from a prior bus accident in his application for benefits, (2) his description of the November 2015 accident to his doctor and at his deposition did not comport with the EMS and traffic crash reports, or the testimony of his caretaker, (3) Facebook posts contradicted the disabilities he allegedly faced as a result of the injuries sustained in the accident, and (4) he provided an incorrect home address at his deposition. Plaintiff then filed a motion for reconsideration, which the trial court also denied.

## II. ANALYSIS

"We review a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10) de novo." *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 777; 910 NW2d 666 (2017). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Id*. "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, and admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. (quotation marks and citations omitted). " 'The moving party has the initial burden of supporting its position with documentary evidence, but once the moving party meets its burden, the burden shifts to the nonmoving party to establish that a genuine issue of disputed fact exists.' " *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 15; 891 NW2d 528 (2016) (citation omitted); see also MCR 2.116(G)(4). "A genuine issue of material fact exists when, viewing the evidence in a light most favorable to the nonmoving party, the record which might be developed . . . would leave open an issue upon which reasonable minds might differ." *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014) (quotation marks and citation omitted). Questions of statutory interpretation are also reviewed de novo. *Candler*, 321 Mich App at 777.

We hold that the trial court did not err when it granted defendant's motion for summary disposition. From the evidence presented, no reasonable jury could conclude that the inaccurate

and inconsistent statements plaintiff made in support of his claim for benefits amounted to anything other than fraudulent insurance acts under MCL 500.3173a(2).[3]

MCL 500.3173a provides:

> (1) The [MAIPF] shall make an initial determination of a claimant's eligibility for benefits under the assigned claims plan and shall deny an obviously ineligible claim.  The claimant shall be notified promptly in writing of the denial and the reasons for the denial.

> (2) A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the [MAIPF] for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511].  A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the assigned claims plan.

Although the plain language of MCL 500.3173a contains no element of intent, plaintiff cites the statute's reference to MCL 500.4503, as well as the elements of fraud as set forth in *Foreman v Foreman*, 266 Mich App 132, 141; 701 NW2d 167 (2005),[4] to argue that defendant had to demonstrate both knowledge and an intent to defraud for his claim of benefits to be ineligible under MCL 500.3173a(2).  MCL 500.4503 lists acts which, if performed with knowledge and the intent to defraud, constitute fraudulent insurance acts.[5]  However, this

---

[3] As a result, the trial court also did not abuse its discretion in denying plaintiff's motion for reconsideration.

[4] *Foreman*, 266 Mich App at 141 states, "To establish a claim of fraudulent misrepresentation, plaintiff was required to prove that: (1) defendant made a material representation; (2) the representation was false; (3) defendant knew, or should have known, that the representation was false when making it; (4) defendant made the representation with the intent that plaintiff rely on it; (5) and plaintiff acted on the representation, incurring damages as a result."

[5] For example, MCL 500.4503(a) provides:

> A fraudulent insurance act includes, but is not limited to, acts or omissions committed by any person who knowingly, and with an intent to injure, defraud, or deceive:

> (a) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer or any agent of an insurer, or any agent of an insurer, reinsurer, or broker any oral or written statement knowing that the statement contains any false information concerning any fact material to an application for the issuance of an insurance policy.

element of intent is not incorporated into MCL 500.3173a simply by virtue of the statute's reference to MCL 500.4503. Rather, MCL 500.3173a(2) only references MCL 500.4503 to indicate that an individual may also commit a fraudulent insurance act if he or she fulfills the requirements stated, i.e., presents a statement in support of a claim to the MAIPF knowing the statement contains false information material to the claim. The plain language of MCL 500.4503 supports this conclusion, as it explicitly states that "[a] fraudulent insurance act includes, but is not limited to" those acts mentioned in the statute. Additionally, the elements of fraud as set forth in *Foreman*, 266 Mich App at 141, are inapplicable here. That case involved fraudulent misrepresentation in a divorce action, *id*. at 134, not a fraudulent insurance act under MCL 500.3173a(2).

Indeed, this Court recently clarified that a person commits a fraudulent insurance act under MCL 500.3173a(2)

> when (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF. Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. [*Candler*, 321 Mich App at 779-780.]

Additionally, "MCL 500.3173a(2) does not require that any particular recipient have received the false statement in order for the act to qualify as a fraudulent insurance act, as long as the statement was used 'as part of or in support of a claim to the [MAIPF].' " *Id*. at 780 (alteration in original).

The evidence defendant presented with its motion for summary disposition demonstrates that plaintiff made multiple statements that he knew contained false information in support of his claim for PIP benefits. First, plaintiff knowingly misrepresented the circumstances of the November 2015 accident itself. At his deposition, plaintiff testified that he never saw the vehicle involved, lost consciousness when struck, and remained on the ground until the ambulance arrived at the scene.[6] Similarly, according to the consultation notes of the doctor from whom plaintiff sought treatment after the accident, plaintiff indicated that he lost consciousness and awoke in the hospital. Yet the EMS and State of Michigan traffic crash reports, as well as the testimony of William Thomas, plaintiff's supposed caregiver, directly contradict plaintiff's statements. The EMS report, for example, states that plaintiff walked home following the accident and dialed 911 from his residence, while the traffic crash report provides that plaintiff walked home from the accident where he was met by medics, and was able to describe the vehicle that struck him. Further, Thomas testified at his deposition that he lived with plaintiff in November 2015, and that on the day of the accident, he was sitting on the porch when plaintiff came down the street limping. It was Thomas's stepdaughter that dialed 911.

---

[6] Further, when asked if EMS definitely picked him up from the scene, plaintiff said, "I think so," and when asked if he was unable to walk home after the accident, plaintiff said, "I think, yes."

Plaintiff asserts that he just could not remember where EMS picked him up and, thus, "the Trial Court erred in simply concluding that this was evidence that [he] was being dishonest instead of recognizing that there was a question of fact." But on the basis of the evidence described above, no reasonable jury could conclude that plaintiff was simply mistaken regarding his actions after the accident. He clearly stated, to his doctor and at his deposition, that he was knocked unconscious and unable to walk home after the accident, when the reports and witness testimony indicate the opposite. Nor do we find merit in plaintiff's argument that the EMS pick-up location is immaterial to his claim for benefits. His false statements relate not just to the location of the ambulance, but to the severity of the accident and the injuries he suffered as a result, facts which are essential to the investigation of any claim of benefits and to a determination regarding the probity of any medical expenses requested. See *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 425; 864 NW2d 609 (2014) ("A statement is material if it is reasonably relevant to the insurer's investigation of a claim.") (quotation marks and citation omitted).[7]

Similarly, plaintiff knowingly omitted information regarding preexisting injuries in his application for benefits, which may have impeded defendant's investigation of plaintiff's claim. In plaintiff's application for benefits to the MACP, he checked the box "Not Applicable" in response to the question "Had you sought treatment for any prior conditions before this accident?" However, at his deposition, plaintiff acknowledged injuring his back and right leg in March 2014, when a bus he was riding on "smacked into" something.

Plaintiff argues that the failure to acknowledge his injuries from the March 2014 bus accident in his application for benefits was a simple mistake, but the evidence presented overwhelmingly supported the trial court's finding that he knowingly excluded this information. Medical records from 2014 attached to defendant's motion for summary disposition show that plaintiff sought substantial treatment for these injuries. And plaintiff filed for Social Security Disability as a result of his injuries.[8] Thus, the evidence demonstrates that the prior accident greatly impacted plaintiff's life, and no reasonable jury could conclude that it was mistakenly excluded from his application for benefits. Moreover, the information was material to plaintiff's claim for benefits, especially considering that he suffered back injuries in both accidents.

Plaintiff's argument that defendant could not have detrimentally relied on his inaccurate statement in the application for benefits because he disclosed the 2014 accident throughout

---

[7] We recognize that *Bahri* involved a claim for benefits under an insurance policy containing a fraud exclusion provision, *Bahri*, 308 Mich App at 423-426, and not a claim for benefits to the MAIPF under MCL 500.3173a, but see no reason why the *Bahri* Court's definition of materiality should not apply in this context.

[8] Defendant also alleged in its motion for summary disposition that plaintiff was involved in a lawsuit related to the bus accident, which he denied at his deposition, but failed to attach the Register of Actions it included with its brief on appeal to the motion below. However, the trial court found that plaintiff had another lawsuit pending related to the 2014 accident, and plaintiff does not challenge this finding on appeal.

discovery, also fails. MCL 500.3173a(2) does not require that an insurance provider detrimentally rely on a claimant's false statements. See *Candler*, 321 Mich App at 779-780.

Because we have concluded that plaintiff's misrepresentations regarding the circumstances of the accident and his preexisting injuries constitute fraudulent insurance acts, and no reasonable jury could conclude otherwise, we need not address the trial court's conclusions with regard to plaintiff's address or the disabilities he allegedly suffered as a result of the November 2015 accident. Plaintiff is ineligible for benefits under MCL 500.3173a, and the trial court properly granted summary disposition. Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Riordan