BAHRI v IDS PROPERTY CASUALTY INSURANCE CO

Docket No. 316869. Submitted September 10, 2014, at Detroit. Decided
October 9, 2014. Approved for publication December 9, 2014, at
9:15 a.m. Leave to appeal sought.

Nazhat Bahri brought an action in the Wayne Circuit Court, seeking to
recover personal protection insurance (PIP) benefits and uninsured
motorist benefits from IDS Property Casualty Insurance Company
after she was injured in a car accident. Doctors Labeed Nouri and
Nazih Iskander intervened to recover the benefits payable to plaintiff
for medical services they provided after the accident. Plaintiff sub-
mitted statements to defendant for various replacement services that
she claimed to require as a result of her injuries; however, defendants
submitted surveillance video indicating that plaintiff was able to and
did perform the activities for which she had sought services during
the period covered by her claim. Further, plaintiff submitted claims
for services that she had received before the accident in question, and
plaintiff's account of the accident varied from the description in the
police report. Defendant moved for summary disposition, arguing
that plaintiff's fraudulent representations barred both her and inter-
vening plaintiffs from recovering benefits under her policy. The court,
Kathleen Macdonald, J., granted the motion, and intervening plain-
tiffs appealed.

The Court of Appeals *held*:

1. The trial court properly concluded that the fraud exclusion
in plaintiff's policy barred her from receiving PIP benefits in light
of the evidence that she had performed activities inconsistent with
her claimed limitations. Because intervening plaintiffs stood in
plaintiff's shoes for purposes of recovering benefits, their claims
were also barred. Accordingly, the trial court properly granted
defendant summary disposition.

2. Intervening plaintiffs were not entitled to uninsured motor-
ist benefits. Even assuming that intervening plaintiffs had stand-
ing to assert this claim, they did not seek these benefits in their
complaint and, apart from the issue of fraud, the trial court
properly ruled that plaintiff was not entitled to them under the
applicable provision of her policy because she had no direct or
indirect contact with an uninsured motor vehicle.

3. Intervening plaintiffs' request for sanctions was denied.
Affirmed.

*Nazek A. Gappy PC* (by *Nazek A. Gappy*) for intervening plaintiffs.

*Garan Lucow Miller, PC* (by *Caryn A. Ford* and *Jami E. Leach*), for defendant.

Before: RIORDAN, P.J., and CAVANAGH and TALBOT, JJ.

PER CURIAM. Intervening plaintiffs, Dr. Labeed Nouri and Dr. Nazih Iskander, appeal as of right the trial court order granting summary disposition in favor of defendant, IDS Property Casualty Insurance Company, in this action to recover first-party personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101. We affirm.

## I. FACTUAL BACKGROUND

Plaintiff was involved in two car accidents, one on March 4, 2011, and the other one on October 20, 2011.[1] The second accident is at issue in this appeal. Before the second accident, defendant issued a no-fault automobile policy to plaintiff on October 12, 2011.

According to the October 20, 2011 police report, as plaintiff exited an alley in Detroit, her brakes "failed" and she hit another car. The police report indicates only two cars were involved. However, plaintiff's deposition testimony varied from that report. She claimed a third car was involved, explaining: "We were stopped. I saw a car, it was coming -- it was coming like -- like an airplane was flying. He went and he did something and I don't know -- until now I don't know how. Did I press the gas? I wanted to just

---

[1] After the first accident, plaintiff filed for PIP benefits against her insurance company for bills incurred due to her alleged injuries.

get myself out of this problem and I hit another car as well."

Following the October 20 accident, plaintiff sought PIP and uninsured motorist benefits from defendant. With respect to replacement services, plaintiff submitted to defendant "Household Services Statements" which indicated that multiple replacement services were provided daily to plaintiff from October 2011 through February 29, 2012. The document indicates that plaintiff was receiving replacement services for the entire month of October. However, surveillance video during this time captured plaintiff bending, lifting, driving, and running errands.

Plaintiff filed the instant complaint on June 6, 2012, seeking to recover PIP benefits and uninsured motorist benefits from defendant. Doctors Nouri and Iskander, who treated plaintiff, intervened to recover PIP benefits payable to plaintiff for medical services they provided after the second accident.

Defendant moved for summary disposition, arguing that under the terms of the policy, PIP benefits and uninsured motorist benefits were precluded because of plaintiff's fraudulent representations. It also argued that because intervening plaintiffs stood in the shoes of plaintiff, they were not entitled to receive PIP benefits. In regard to uninsured motorist benefits, defendant argued that because no third vehicle had in fact struck plaintiff's vehicle, the plain language of the policy precluded the payment of uninsured motorist benefits.

The trial court ultimately agreed with defendant, and granted summary disposition in its favor. Intervening plaintiffs now appeal.[2]

---

[2] This Court denied intervening plaintiffs' motion to amend the claim of appeal to add plaintiff as an appellant. Thus, Nazhat Bahri is not a party to this appeal.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Intervening plaintiffs first argue that the trial court erred by granting defendant's motion for summary disposition with respect to their claim for PIP benefits. A grant or denial of a motion for summary disposition under MCR 2.116(C)(10) is reviewed de novo. *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011).[3] The motion for summary disposition "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In reviewing a motion for summary disposition under MCR 2.116(C)(10), a court considers "affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Greene v A P Prods, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (quotations marks and citations omitted).

### B. PIP BENEFITS

The no-fault policy at issue contained a general fraud exclusion, which provided: "We do not provide coverage for any insured who has made fraudulent statements or

---

[3] Although the trial court did not specify which subrule it was relying on, we will construe it as having been granted under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy."

"The rules of contract interpretation apply to the interpretation of insurance contracts." *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). The language in an insurance contract should be read as a whole, and we construe the language to give effect to every word, clause, and phrase. *Id.* "When the policy language is clear, a court must enforce the specific language of the contract. However, if an ambiguity exists, it should be construed against the insurer." *Id.* (citation omitted). Any undefined term should be given its plain and ordinary meaning, which may be gathered from dictionaries. *Id.* Although this Court will

> "construe the contract in favor of the insured if an ambiguity is found, this does not mean that the plain meaning of a word or phrase should be perverted, or that a word or phrase, the meaning of which is specific and well recognized, should be given some alien construction merely for the purpose of benefiting an insured." [*Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007) (citation omitted).]

Because intervening plaintiffs stood in the shoes of the named insured, if plaintiff cannot recover benefits, neither can intervening plaintiffs. See, e.g., *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 44; 795 NW2d 229 (2010). Further, this Court has explained the requirements for establishing fraud or false swearing as follows:

> To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the

material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim. [*Mina v Gen Star Indemnity Co*, 218 Mich App 678, 686; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997) (citation omitted).]

We agree with the trial court that the fraud exclusion applied in the instant case. In order to substantiate her claim for replacement services, plaintiff presented a statement indicating that services were provided by "Rita Radwan" from October 1, 2011 to February 29, 2012. Because the accident occurred on October 20, 2011, on its face, the document plaintiff presented to defendant in support of her PIP claim is false, as it sought recoupment for services that were performed over the 19 days preceding the accident.

Moreover, defendant produced surveillance evidence depicting plaintiff performing activities inconsistent with her claimed limitations. Plaintiff was observed bending, lifting, carrying objects, running errands, and driving—on the dates when she specifically claimed she needed help with such tasks. Of particular note, on November 11, 2011, plaintiff represented that she required assistance vacuuming, cooking, dishwashing, making beds, grocery shopping, taking out the garbage, driving, and running errands. Yet surveillance videos captured her performing various activities, such as lifting, carrying, and dumping a large bucket of liquid in her yard. On December 19, 2011, plaintiff sought replacement services for various household activities, including grocery shopping. But on that day, she was observed running several errands from 11:05 a.m. until 7:00 p.m. Plaintiff indicated that on December 29, 2011, she required Radwan's assistance to drive her and perform multiple household activities. However, surveillance video on that day captured plaintiff driving

her own vehicle on errands. Similar discrepancies were noted for December 30, 2011.

This evidence belies plaintiff's assertion that she required replacement services, and it directly and specifically contradicts representations made in the replacement services statements. Reasonable minds could not differ in light of this clear evidence that plaintiff made fraudulent representations for purposes of recovering PIP benefits. Stated differently, we find no genuine issue of material fact regarding plaintiff's fraud. See *Mina*, 218 Mich App at 686. Because plaintiff's claim for PIP benefits is precluded, intervening plaintiffs' claim for PIP benefits is similarly barred, as they stand in the shoes of plaintiff.

The trial court properly granted defendant summary disposition.

### C. UNINSURED BENEFITS

Intervening plaintiffs also argue that the trial court erred when it dismissed plaintiff's claims for uninsured motorist benefits. Their argument is meritless for several reasons.

Even assuming, arguendo, that intervening plaintiffs have standing to assert this claim, they sought only PIP benefits in their complaint. Moreover, under the language in the policy, plaintiff would not be entitled to uninsured motorist benefits. The uninsured motorist provision of plaintiff's policy provides:

> We will pay compensatory damages which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury caused by accident. We will pay these damages for bodily injury an insured person suffers in a car accident while occupying a private passenger car or utility car or as a pedestrian as a result of having been struck by an

uninsured motor vehicle. We will pay under this coverage only after any applicable bodily injury liability bonds or policies have been exhausted by payment of judgements or settlements.

In the applicable definition section of the policy,[4] the following definition of an uninsured motor vehicle is provided:

(c) A hit-and-run vehicle whose operator or owner cannot be identified and which hits or causes an object to hit:

(i) you or a relative;

(ii) a vehicle which you or a relative are occupying; or

(iii) your insured car[.]

The definition requires some sort of physical contact with the insured. In other words, for the third vehicle to be an uninsured motor vehicle under the policy, it had to hit plaintiff or cause another object to hit plaintiff. Plaintiff, however, admitted that she made no direct or indirect contact with the third vehicle during her second accident. Thus, this section would not apply. Furthermore, in light of plaintiff's fraudulent representations, discussed earlier, coverage would not be applicable under the policy.

### D. SANCTIONS

Finally, intervening plaintiffs request sanctions under MCR 2.114 and MCR 2.625 for defendant's alleged material misrepresentations and filing of a frivolous motion for summary disposition. Because intervening plaintiffs did not properly move for sanctions in the trial court, this issue is not properly before us. Nor do

---

[4] We note that plaintiff is quoting language from the original policy while ignoring the amendments of the policy.

we find that intervening plaintiffs have offered a sufficient argument to justify sanctions, especially in light of our finding that summary disposition was properly granted because of plaintiff's fraud.

### III. CONCLUSION

Because there is no genuine issue of material fact regarding plaintiff's fraud, and therefore her inability to recover benefits under the policy, we affirm the trial court's grant of summary disposition. Further, intervening plaintiffs have not established that sanctions are warranted.

Affirmed.

RIORDAN, P.J., and CAVANAGH and TALBOT, JJ., concurred.