# STATE OF MICHIGAN

# COURT OF APPEALS

RAFAEL GONZALEZ,

        Plaintiff/Counter-Defendant-
Appellant,

and

KANDIS PURDIE and RICKY RAINES, JR.,

        Plaintiffs-Appellants,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant/Counter-Plaintiff-
Appellee,

and

CRYSTAL CHANTAL BURNS,

        Defendant.

UNPUBLISHED
January 4, 2018

No. 331956
Wayne Circuit Court
LC No. 15-000130-NI

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

GADOLA, J. (*concurring in part and dissenting in part*).

I concur in Part II of the majority opinion but I respectfully dissent from Part I. I would affirm the trial court's ruling with respect to defendant's motions for summary disposition of Gonzalez's claim for uninsured motorist benefits and its counterclaim because Gonzalez violated the "fraud or concealment" clause of his insurance policy when he misrepresented a material fact during his deposition concerning his ability to return to work.

Under the plain language of the insurance policy, the entire policy becomes void if the insured "intentionally misrepresented any material fact . . . or made false statements . . . relating to this insurance or to a loss to which this insurance applies." During his deposition Gonzalez, not once but twice, misrepresented that he did not drive his truck on the open road in December 2014. To the contrary, defendant produced surveillance evidence that Gonzalez drove his truck

-1-

approximately 40 miles on one occasion in December 2014, and Gonzalez does not directly refute that evidence.

It cannot reasonably be disputed that this was a false statement relating to a loss to which the contract of insurance applied. It is likewise the case that the misrepresentation was material. Gonzalez sought and was paid wage loss benefits by defendant on the theory that he was unable to return to work as a truck driver as a result of the injuries he suffered in the November 2, 2014 auto accident. That Gonzalez was able to and did in fact drive his truck some 40 miles in December of 2014 was material to Gonzalez's entitlement to those benefits.

This court should take seriously that Gonzalez made these misrepresentations while under oath. MRE 603 requires a witness "to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." Gonzalez took such an oath at the outset of his deposition, but then twice engaged in a falsehood in response to a direct question about whether he had driven his truck on public roads during December 2014. It would be difficult to argue, and Gonzalez does not even attempt to do so, that this was an innocent misrepresentation, given that the deposition took place just 4 months after Gonzalez was seen driving his truck on public roads for a substantial distance.

Gonzalez intentionally misrepresented a material fact and made false statements relating to a loss to which the contract of insurance applies. For that reason, I would affirm the trial court's grant of summary disposition in favor of defendant on Gonzalez's claim for uninsured motorist benefits and would affirm summary disposition on defendant's counterclaim. *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 425-426; 864 NW2d 609 (2014).

/s/ Michael F. Gadola