# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH ZICHICHI,

       Plaintiff-Appellant

v

EVERETT MULL, MICHAEL LEE DIGNA, and
SHARON WAMBLE,

       Defendants-Appellees.

UNPUBLISHED
April 12, 2018

No.  337043
Wayne Circuit Court
LC No.  15-014054-NI

Before:  SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting defendants Everett Mull, Michael Lee Digna, and Sharon Wamble's motion for summary disposition in this no-fault action. MCR 2.116(C)(10). We affirm.

Plaintiff argues that the trial court erred in granting defendants' motion for summary disposition by concluding that there was no genuine issue of material fact regarding plaintiff's injuries. The trial court found that plaintiff did not suffer a serious impairment of body function. Plaintiff states that given the nature of his injuries, there is, at the very least, a genuine issue of material fact as to whether he meets the threshold of a serious impairment of body function under the no-fault act.

A trial court's ruling on a summary disposition motion is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Defendants brought their motion for summary disposition under MCR 2.116(C)(10). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5)[.]" *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

The Michigan legislature has limited tort liability in automobile accidents by enacting MCL 500.3101 *et seq*., colloquially referred to as the no-fault act. *McCormick v Carrier*, 487

Mich 180, 189; 795 NW2d 517 (2010). While most people who suffer injuries in a car accident may not recover in a tort action, a person who has suffered a "serious impairment of body function, or permanent serious disfigurement" may still recover damages through a tort action. MCL 500.3135(1). The statute defines serious impairment of body function as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(5).

The leading case interpreting the serious impairment of body function requirement is *McCormick*. In *McCormick* the Supreme Court set out a three-part test to determine if a plaintiff has sustained the requisite injury; according to the test, a plaintiff must suffer "(1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life." *McCormick*, 487 Mich at 195. According to the *McCormick* Court, for an impairment to be objectively manifested, it must be "evidenced by actual symptoms or conditions that someone other than the injured person would observe or perceive as impairing a body function." *Id*. at 196. The second prong, an important body function, is subjective, taking into account whether the function is important to the plaintiff as an individual. *Id*. at 199. The third prong, affects the person's general ability to lead his or her normal life, is a subjective inquiry as to whether the impairment has "an influence on some of the person's capacity to live in his or her normal manner of living." *Id*. at 202. A plaintiff's ability to lead his or her normal life need not be destroyed, but only affected, *id*., and there is no "express temporal requirement as to how long an impairment must last in order to have an effect on the person's general ability to live his or her normal life," *Id*. at 203 (quotation marks omitted).

The no-fault act permits a trial court to rule as a matter of law regarding whether a plaintiff has suffered a serious impairment of body function "if the court finds either of the following:"

> (*i*) There is no factual dispute concerning the nature and extent of the person's injuries.

> (*ii*) There is a factual dispute concerning the nature and extent of the person's injuries, but the dispute is not material to the determination whether the person has suffered a serious impairment of body function . . . . [MCL 500.3135(2)(a).]

There is a genuine issue of material fact "when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (quotation marks and citation omitted).

The trial court ruled that there was no genuine issue of material fact that plaintiff did not satisfy the third prong of the *McCormick* test—whether plaintiff's injuries affected his general ability to lead his normal life. Because, as detailed below, there was no genuine issue of material fact on this issue, the trial court properly decided as a matter of law whether plaintiff suffered a serious impairment of body function.

The nature of plaintiff's injuries was not in dispute. The medical records show that plaintiff suffered broken ribs, a comminuted fracture in his right clavicle, and a mild traumatic brain injury. Plaintiff was hospitalized for 2½ days. His injured ribs kept him from breathing deeply for a few days. Plaintiff had to undergo surgery in order to repair his clavicle, as a result of which he now has multiple screws in his bone. Because plaintiff's work is manual labor, he was forced to take a six week leave of absence. When plaintiff did return to work, he was restricted in his activities until October 2015, approximately three months after the accident occurred, when he resumed normal work activities. Presently, plaintiff still complains of numbness on his right side.

The crux of this case is the temporal requirement, or, more accurately, lack thereof. Although as noted above, MCL 500.3135(1) contains no express temporal requirement, *McCormick*, 487 Mich at 203, measured by plaintiff's current disabilities, he does not meet the threshold of having a serious impairment of body function. A 1-inch area of numbness, mostly felt in the shower, feeling "weird," and having to differently arrange one's pillows hardly qualify as objectively manifested impairments. Even if those symptoms were considered objectively manifested impairments, plaintiff does not meet the second or third prongs of the *McCormick* test: plaintiff's temporary disabilities were neither subjectively important body functions nor did they affect plaintiff's general ability to lead his normal life. Plaintiff still engages in his preaccident employment, fishing, and yard work, with no limitations. And, as noted, resumed work within six weeks of the accident and without limitations within three months of the accident. In fact, like the trial court, we can find no objective evidence that plaintiff's general ability to lead his normal life has been affected.

Affirmed. No costs to either side. MCR 7.219(A).

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray