# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL PITTS,

        Plaintiff,

and

LUCIA ZAMORANO, M.D., PLC,

        Intervening Plaintiff-Appellant,

and

OMIC, LLC, doing business as OAKLAND MRI,

        Intervening Plaintiff,

v

JOHN DOE,

        Defendant,

and

STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
August 21, 2018

No. 338371
Wayne Circuit Court
LC No. 15-010634-NI

---

MICHAEL PITTS,

        Plaintiff-Appellant,

and

LUCIA ZAMORANO, M.D., PLC, and OMIC,
LLC, doing business as OAKLAND MRI,

        Intervening Plaintiffs,

-1-

v                                                      No. 338475
                                                       Wayne Circuit Court
JOHN DOE,                                              LC No. 15-010634-NI

                    Defendant,

and

STATE AUTOMOBILE MUTUAL INSURANCE
COMPANY,

                    Defendant-Appellee.

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

SWARTZLE, P.J. (*concurring in part and dissenting in part*).

With respect to Docket No. 338371, I concur in full. With respect to Docket No. 338475, I would affirm summary disposition in favor of defendant, State Automobile Mutual Insurance Company (State Auto), under MCR 2.116(C)(10). Plaintiff made several material misrepresentations in his application for no-fault benefits, and the key issue on appeal is whether he made the misrepresentations knowing that they were false or recklessly, without knowledge of their truth. *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 424; 864 NW2d 609 (2014).

Plaintiff admitted that he signed the application, but that he did not recognize the handwriting in the application. He also admitted that he did not know who filled out the application and did not review it before signing it. By not reviewing the application, plaintiff clearly could not have knowledge of the truth of the statements made in the application. By not reviewing the application, by not recognizing the handwriting in the application, and by not even knowing who filled out the application, plaintiff clearly acted recklessly with regard to the truthfulness of the statements made in the application. Thus, I would hold that, as a matter of law, plaintiff made the material misrepresentations recklessly, without knowledge of their truth. Accordingly, I dissent in Docket No. 338475.

/s/ Brock A. Swartzle