*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHNATHAN PARKER,

        Plaintiff-Appellant,

and

VHS OF MICHIGAN, INC., doing business as
DETROIT MEDICAL CENTER,

        Intervening Plaintiff,

v

FARMERS INSURANCE EXCHANGE,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

DEANNA MICHELL HARRIS, TRACY BAKER,
HIGHWAY TRANSPORT CHEMICAL LLC, and
HAROLD RANDOLPH,

        Defendants,

and

JERRY LEE PARKER, JR.,

        Third-Party Defendant.

UNPUBLISHED
January 17, 2019

No. 339595
Wayne Circuit Court
LC No. 16-003783-NI

Before: GLEICHER, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Plaintiff-appellant (plaintiff) appeals as of right the trial court's order granting summary disposition to defendant/third-party plaintiff-appellee (defendant) under MCR 2.116(C)(10). Because there is no genuine question of material fact whether plaintiff committed a fraudulent insurance act under MCL 500.3173a(2), we affirm.

Plaintiff was injured in two separate automobile accidents: one on October 2, 2015 and the other on November 8, 2015. In both accidents, plaintiff was in his brother's uninsured vehicle. Because the car was uninsured and plaintiff did not otherwise have coverage, plaintiff submitted his claim to the Michigan Automobile Insurance Placement Facility (MAIPF) for coverage under the Michigan Assigned Claims Plan (MACP). The MAIPF assigned defendant to cover plaintiff's claim.

Plaintiff submitted to defendant several attendant-care calendar forms, signed by plaintiff and his mother, purporting to document times that plaintiff's mother provided him attendant care. It was later revealed that plaintiff's mother did not, in fact, care for plaintiff at least some of the days claimed in the forms. Plaintiff's mother explained that she was instructed by employees of an attendant-care provider to backdate the attendant-care calendar forms to state that she provided attendant care to plaintiff beginning on the date of the first accident, but both she and plaintiff testified that she did not actually provide plaintiff any attendant care until after his second accident. Plaintiff's mother admitted that, when she backdated the forms, she knew that she was providing defendant false information. The forms signed and submitted by plaintiff and his mother show that he received 24-hour attendant care from his mother and his girlfriend beginning on the day of his first accident and going forward, including the day of plaintiff's second accident (when plaintiff was driving his brother's car by himself) and the three days following that accident when plaintiff was receiving inpatient hospital care for injuries.

After defendant found out that plaintiff and his mother backdated plaintiff's attendant-care forms, defendant stopped paying plaintiff's no-fault benefits, and plaintiff brought this action. Defendant moved for summary disposition, arguing that, under MCL 500.3173a(2), plaintiff's submitting the backdated attendant-care forms in support of his no-fault claim constituted a "fraudulent insurance act," and so plaintiff was no longer entitled to benefits or payments under the MACP. The trial court agreed and granted the motion. Plaintiff now appeals as of right.

We review "de novo a trial court's decision regarding a motion for summary disposition." *Ensink v Mecosta Co Gen Hosp*, 262 Mich App 518, 523; 687 NW2d 143 (2004). Defendant moved for summary disposition under MCR 2.116(C)(10). Our Supreme Court has explained how courts review a motion under MCR 2.116(C)(10) as follows:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).]

Questions regarding statutory interpretation are questions of law that we review de novo. *McGoldrick v Holiday Amusements, Inc*, 242 Mich App 286, 292; 618 NW2d 98 (2000).

MCL 500.3173a(2) provides:

A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the Michigan automobile insurance placement facility for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511[1]]. *A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the assigned claims plan.* [Emphasis added.]

In *Candler v Farm Bur Mut Ins Co of Mich*, 321 Mich App 772, 779-780; 910 NW2d 666 (2017), this Court explained what constitutes "a fraudulent insurance act" in MCL 500.3173a(2):

[A] person commits a fraudulent insurance act under this statute when (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF. Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. [*Id.* (footnote omitted).]

The *Candler* Court also explained that "MCL 500.3173a(2) does not require that any particular recipient have received the false statement in order for the act to qualify as a fraudulent insurance act, as long as the statement was used 'as part of or in support of a claim to the [MAIPF].' " *Id.* at 780, quoting MCL 500.3173a(2).

Plaintiff here signed forms seeking payment from defendant for attendant-care services that plaintiff allegedly received. Plaintiff submitted these forms to defendant, but later admitted that he did not receive some of the attendant-care services specified in the forms. Plaintiff was only entitled to payment for attendant-care services that he actually received.

On appeal, plaintiff only argues that his submission of these forms was not a fraudulent insurance act because defendant could not establish that plaintiff knew that the information in the forms was false. But the record contains ample evidence that plaintiff must have known that some of the information in the forms was false: the forms represented that plaintiff received 24-hour care from his mother and girlfriend on the day that plaintiff was driving a car by himself and got into an accident, as well as on the three days after that accident while plaintiff was receiving inpatient care at the hospital. Plaintiff was clearly aware that he did not receive

---

[1] This section explains the criminal consequences of "a fraudulent insurance act." MCL 450.4511.

24-hour attendant care from his mother and girlfriend on those days, and no reasonable juror could conclude otherwise.[2] Plaintiff contends that the evidence suggests that he and his mother "were confused and misled" to put false information into the form, but he does not explain how this negates that he still *knew* that the information in the forms was false.

Briefly addressing the other elements of "a fraudulent insurance act"—even though plaintiff does not appear to argue that they were not met—it is undisputed that (1) plaintiff submitted forms to defendant that contained statements about attendant-care services plaintiff allegedly received; (2) the statements were part of plaintiff's claim for attendant-care services; (3) the claim was submitted to defendant as part of plaintiff's claim to the MAIPF, see *Candler*, 321 Mich App at 781 (explaining that a plaintiff's claim for benefits from an insurer assigned to the plaintiff through the MAIFP is "a claim to the MAIPF—not" the insurer); (4) some of the statements were false, which plaintiff must have known for the reasons already explained; and (5) the false statements were the basis for plaintiff's claim for payment of attendant-care services for certain days. See *id*. at 779-780. Thus, plaintiff's submission of the forms to defendant constituted a "fraudulent insurance act" under MCL 500.3173a(2), and plaintiff is therefore barred from receiving "payment or benefits under the assigned claims plan."

Plaintiff argues that MCL 500.3173a(2) does not bar him from receiving benefits because, unlike the plaintiff from this Court's decision in *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), plaintiff here did not have a contract with defendant, and instead plaintiff was insured through the MAIPF. For whatever reason, plaintiff does not discuss *Candler*, where this Court held that a plaintiff's claim to the MAIPF can be barred under MCL 500.3173a(2) if the plaintiff submits a fraudulent statement in support of his or her claim, even if the statement is submitted to the insurer and not the MAIPF directly. See *Candler*, 321 Mich App at 781. As *Candler* is a published decision, we are bound by its holding under the rule of stare decisis. See MCR 7.215(C).

Plaintiff also argues that MCL 500.3173a(2) should only bar his payment for the fraudulently requested attendant-care benefits, not any other benefits. In support of his argument, plaintiff points to MCL 500.3173a(2)'s use of "[a] claim" when it states, "A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the assigned claims plan." According to plaintiff, his request for attendant-care benefits was "[a] claim" for a certain benefit, and he should not be barred from submitting a different claim for a different benefit.

Plaintiff's argument fails, however, because *Candler* directly dealt with this issue as well. The *Candler* Court explained that a "claim [for certain] benefits is part of—and not separate from—the claim that [a person] submits to the MAIPF"; a request for a different benefit is not "a 'new' claim separate from the 'prior' claim made to the MAIPF." *Candler*, 321 Mich App at 780 n 5. Also, the defendant in *Candler* argued that, if the plaintiff committed a fraudulent

---

[2] This is especially true because no evidence supports that plaintiff did not know that the information in his forms was false.

-4-

insurance act, then he was barred from receiving any benefits, *id*. 778,[3] and the Court ultimately held that, because the plaintiff's "claim for benefits was supported by a fraudulent insurance act," it was "ineligible for payment under the MACP," *id*. at 782. Thus, the issue of whether "[a] claim" as used in MCL 500.3173a(2) constituted a claim for a benefit distinct from other benefits or a claim for benefits generally was before the *Candler* Court, and it decided that the term meant the latter. Thus, plaintiff cannot sever his claim for attendant-care benefits from his general claim submitted to the MAIPF; his fraudulent insurance act barred him from receiving *any* benefits under the MACP. See MCL 500.3173a(2); *Candler*, 321 Mich at 782.

For the reasons already explained, the trial court properly granted summary disposition to defendant based on plaintiff's fraudulent insurance act under MCL 500.3173a(2), and the trial court also correctly held MCL 500.3173a(2)'s bar applied to plaintiff's claim for any benefits under the MACP.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

---

[3] In fact, the *Candler* Court did not address some of the defendant's accusations of fraud because it recognized that the "defendant's position [was] that *any* false statement provided to it negates all of [the] plaintiff's claims for . . . benefits." *Id*. at 776 n 3.