*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY LACASCIO,

Plaintiff-Appellee,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Appellant.

UNPUBLISHED
March 11, 2021

No. 344950
Macomb Circuit Court
LC No. 2017-000299-NF

ON REMAND

Before: FORT HOOD, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Defendant appealed by leave granted from the trial court's denial of its motion for summary disposition. We affirmed on the basis of *Meemic Ins Co v Fortson*, 324 Mich App 467; 922 NW2d 152 (2018). The Supreme Court granted leave in *Meemic* and having issued its opinion on July 29, 2020, the Court has remanded this case to us for reconsideration in light of their decision. We again affirm.

In March 2016, plaintiff was severely injured as a pedestrian when he was struck by a car. He suffered multiple injuries requiring a lengthy hospitalization, multiple surgeries and extensive rehabilitation. By statute, defendant is the no-fault insurer designated to provide plaintiff personal protection insurance (PIP) benefits because defendant insured a vehicle owned by plaintiff's father, i.e., a resident relative. See MCL 500.3114(1).

In February 2017, defendant denied plaintiff's claim and cancelled his father's insurance policy because it concluded that plaintiff made false statements concerning his claim for attendant care that were intended to materially defraud defendant. Specifically, defendant alleged that on several occasions plaintiff drove himself on days that his girlfriend claimed attendant care payments for multiple services, one of which was driving, and that in his examination under oath (EUO) plaintiff denied being able to drive. Defendant also alleged that plaintiff did not always use his cane as he stated in his EUO, that he once carried a heavy object on his uninjured shoulder

-1-

and once was paid $60 by a neighbor for pulling weeds even though he claimed, and his doctors prescribed, that he could not return to work.

In our initial opinion, we relied on this Court's decision in *Meemic,* 324 Mich App 467, and held that a nonparty to the insurance contract was not covered by the policy's fraud exclusion.[1] Defendant appealed to the Supreme Court, which in lieu of granting leave remanded the case to us for reconsideration in light of its decision in *Meemic Ins Co v Fortson*, 506 Mich 287; ___ NW2d ___ (2020).[2] In that case, as has since been discussed in *Williams v Farm Bureau Mut Ins Co*, ___ Mich App ___; ___ NW2d ___ (2021) (Docket No. 349903), the Supreme Court held that a policy provision providing for rescission on the basis of a claimant's postprocurement misrepresentations is inconsistent with the no-fault act, MCL 500.3101 *et seq.*, and is not based on preexisting common law. Accordingly, the Court affirmed our decision reversing summary disposition to the insurer:

> The issue before the Court is the extent to which a contractual defense like the one here is valid and enforceable when applied to coverage mandated by the no-fault act, MCL 500.3101 *et seq.* We hold that such contractual provisions are valid when based on a defense to mandatory coverage provided in the no-fault act itself or on a common-law defense that has not been abrogated by the act. *Because Meemic's fraud defense is grounded on neither the no-fault act nor the common law, it is invalid and unenforceable.*
>
> *  *  *
>
> [T]he fraudulent activity at issue here did not relate to the inception of the contract. The fraudulent attendant-care bills . . . neither induced Meemic to enter into the policy nor deceived [the insurer] as to the contents of the policy. Meemic could not possibly have relied on any fraudulent misrepresentations when it agreed to insure the [insureds] because, at the time, they had not yet made any of the alleged misrepresentations. . . . *In short, Meemic's contract-based fraud defense fails because it is not the type of common-law fraud that would allow for rescission.* [*Meemic*, 506 Mich at 293, 309-310 (emphasis added).]

In *Williams*, we concluded that *Meemic* abrogated the holding of *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), on which defendant relies, that antifraud provisions in no-fault policies applied to both pre- and post-procurement fraud. See *Williams*, ___ Mich App at ___; slip op at 4-7.

In this case, defendant does not assert fraud in the inducement in its claim of contract-based fraud. Therefore, its claimed defense "is grounded on neither the no-fault act nor the common law" and so it "is invalid and unenforceable" per *Meemic*. *Meemic*, 506 Mich at 293. As we stated

---

[1] *Lacascio v Farm Bureau Mut Ins Co of Mich*, unpublished per curiam opinion of the Court of Appeals, issued October 17, 2019 (Docket No. 344950).

[2] *Lacascio v Farm Bureau Mut Ins Co of Mich*, ___ Mich ___ (2020) (Docket No. 160598, November 24, 2020).

in *Williams*, because "the allegedly fraudulent statements were made postprocurement and did not influence or induce the policy's procurement. . . . [t]he rule of law clearly set forth in *Meemic* requires that we reverse the trial court[’s]" decision to dismiss the case. *Williams*, ___ Mich App at ___; slip op at 4. Accordingly, we affirm the trial court's decision to deny defendant's motion for summary disposition.

Affirmed.

/s/ Karen M. Fort Hood
/s/ David H. Sawyer
/s/ Douglas B. Shapiro