*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINT CHIROPRACTIC PC,

        Plaintiff-Appellant,

v

ALLSTATE INDEMNITY COMPANY,

        Defendant-Appellee.

UNPUBLISHED
October 08, 2024
10:01 AM

No. 367770
Wayne Circuit Court
LC No. 23-001144-CZ

Before: BOONSTRA, P.J., and JANSEN and N. P. HOOD, JJ.

PER CURIAM.

In this case involving first-party personal injury protection (PIP) benefits, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(10) (no genuine issue as to any material fact). We affirm.

## I. BACKGROUND

This case involves plaintiff's request for PIP benefits arising out of a car accident involving plaintiff's uninsured patient, Taniqua Smith. With a referral to plaintiff by Dr. Pedro Toweh, M.D., Smith sought treatment with plaintiff for thoracic and lumbar spine pain allegedly resulting from the accident. Plaintiff provided Trigger Points Impedance Imaging (TPII) for Smith. Smith assigned her PIP benefits to plaintiff for the treatments that occurred from March 24, 2021, to July 1, 2021. Because Smith was uninsured, plaintiff filed a claim under the Michigan Assigned Claims Plan (MACP). The Michigan Automobile Insurance Placement Facility (MAIPF) assigned defendant to plaintiff's claim. Defendant did not make any payments to plaintiff. Plaintiff filed suit against defendant to recover costs incurred for Smith's treatment.

Defendant first moved for summary disposition under MCR 2.116(C)(10) in district court after initial disclosures revealed that the referral from Dr. Toweh that Smith used was forged. As discovery continued, the parties stipulated that the case be transferred to circuit court because the amount in controversy exceeded the district court's jurisdiction.

Defendant again moved for summary disposition under MCR 2.116(C)(10) in circuit court. Defendant argued plaintiff's claim was not compensable because plaintiff committed a fraudulent

insurance act. Plaintiff argued it lacked knowledge the referral was forged and insisted the referral was unrelated to its claim because it could provide chiropractic services without a referral or prescription. The trial court granted defendant's motion for summary disposition with prejudice. Plaintiff moved for reconsideration, which the trial court denied, because plaintiff presented the same issues as the motion for summary disposition. This appeal followed.

## II. SUMMARY DISPOSITION

Plaintiff argues the trial court erred when it granted defendant's motion for summary disposition.[1] We disagree.

## A. STANDARDS OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The trial court granted summary disposition under MCR 2.116(C)(10), which "tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden* 461 Mich at 120. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted). "These issues turn on questions of statutory interpretation, which we review de novo." *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 577; 983 NW2d 798 (2022).

For the first time on appeal, however, plaintiff argues it did not submit the forged referral in its initial claim with the MAIPF. Because plaintiff did not raise this argument before the trial court, it is unpreserved. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020). In *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ____; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 4-5, this Court held that a failure to raise an argument in the trial court during general civil litigation results in the waiver of that argument. "[W]e must apply the raise or waive rule in civil cases . . . ." *Id*. at ___; slip op at 5. "However, this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been

---

[1] Plaintiff also challenges the trial court's denial of its motion for reconsideration. Because there is no error in the trial court's grant of summary disposition, the issue of reconsideration is moot. See *Attorney General v Mich Pub Serv Comm*, 269 Mich App 473, 485; 713 NW2d 290 (2005) ("An issue is moot if an event has occurred that renders it impossible for the court to grant relief.")

presented." *Id*. at ___; slip op at 3 (quotation marks and citation omitted). Because this case turns on whether plaintiff filed the forged referral in its claim with the MAIPF, consideration of this issue is necessary to determine whether plaintiff committed a fraudulent insurance act under MCL 500.3173a(4). Additionally, plaintiff's argument involves a question of law regarding the difference between a claim and an action taken in litigation to recover PIP benefits owed. While raised for the first time, whether plaintiff filed the forged referral is an important factor in this appeal because of the language of MCL 500.3173a(4) and when the forged referral was discovered. *Id*. at ___; slip op at 5. For those reasons, we will consider plaintiff's arguments.

## B. ANALYSIS

Plaintiff argues the trial court erred because defendant did not establish all of the necessary elements of a fraudulent insurance act to preclude plaintiff's PIP claim. Fraudulent insurance acts against the MAIPF are governed by MCL 500.3174a(4), which states:

> A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the [MAIPF], or to an insurer to which the claim is assigned under the assigned claims plan, for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511]. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment of personal protection insurance benefits under the assigned claims plan.

This Court has held that a person commits a fraudulent insurance act under this section when:

> (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF. Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. [*Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 779-780; 910 NW2d 666 (2017).]

"Importantly, MCL 500.3173a(2) does not require that any particular recipient have received the false statement in order for the act to qualify as a fraudulent insurance act, as long as the statement was used as part of or in support of a claim to the [MAIPF]." *Id*. at 780 (alteration in original and quotation marks omitted.) Specifically, MCL 500.3173a(2) states, in relevant part:

> (2) A claimant or a person making a claim through or on behalf of a claimant shall cooperate with the Michigan automobile insurance placement facility in its determination of eligibility and the settlement or defense of any claim or suit, including, but not limited to, submitting to an examination under oath and compliance with [MCL 500.3151] to [MCL 500.3153]. There is a rebuttable presumption that a person has satisfied the duty to cooperate under this section if all of the following apply:

(a) The person submitted a claim for personal protection insurance benefits under the assigned claims plan by submitting to the Michigan automobile insurance placement facility a complete application on a form provided by the Michigan automobile insurance placement facility in accordance with the assigned claims plan.

(b) The person provided reasonable proof of loss under the assigned claims plan as described in [MCL 500.3172].

Plaintiff challenges each of the five elements identified in *Candler*. For the first element, plaintiff argues it did not make or endorse the forged referral. This argument is not persuasive. The forged referral was, as defendant brings attention to, on plaintiff's letterhead. Indeed, the very first word at the top of the referral is plaintiff's name. While plaintiff may not have created the forged referral, it was presented on its letterhead indicating it came from or concerns plaintiff. Therefore, plaintiff did present a written statement. Moreover, defendant received the referral from plaintiff as part of initial disclosures during litigation. As such, plaintiff did present a written statement. *Candler* 321 Mich App at 779-780.

For the second element, plaintiff argues that because the forged referral was never part of the claim and was only uncovered during litigation, it should not be considered when determining fraudulent insurance acts. Plaintiff relies on this Court's opinion in *Williamson v AAA of Mich*, 343 Mich App 496, 510; 997 NW2d 296 (2022), rev'd ___ Mich ___ (2024) (Docket No. 165131) (*Williamson I*), where this Court held that "the plain language of MCL 500.3173a, including the exclusion provision for fraudulent insurance acts, applies to acts related to submitting a claim to the MAIPF or the servicing insurer, not to evidence submitted for the first time during litigation." However, our Supreme Court recently reversed our decision in *Williamson I*, and held that misrepresentations offered during discovery can apply to a fraudulent insurance act in the filing of a claim for no-fault PIP benefits. *Williamson v AAA of Mich*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165131); slip op at 9-10 (*Williamson II*). Viewed in this manner, plaintiff's argument lacks merit because our Supreme Court recently held that fraudulent acts uncovered during litigation are applicable to a claim for PIP benefits, even if not submitted with the claim because a claim is defined to encompass the entire act of seeking payment from an insurer. *Id*. at ___; slip op at 8.

Plaintiff challenges the third element on similar grounds. Plaintiff argues while there is no dispute it made a claim with the MAIPF, it did not submit the referral in its claim because it was unnecessary to have a referral for chiropractic services. However, when analyzing the third factor, the *Candler* Court did not extend the analysis beyond whether a claim was filed with the MAIPF. See *Candler*, 321 Mich App at 781 ("There is no dispute that plaintiff submitted a claim to the MAIPF to recover no-fault benefits after being injured in a motor vehicle accident.") Neither party disputes that plaintiff submitted a claim to the MAIPF under the MACP.

Plaintiff extensively challenges the fourth *Candler* element regarding knowledge. Plaintiff asserts it did not know of the forgery, and claims defendant did not present any evidence plaintiff had actual or constructive knowledge of the fraud. However, referencing MCL 500.3173a(2), this Court has stated: "[T]he statute unambiguously establishes that the only scienter requirement is mere knowledge that the statement contains false information concerning a fact or thing material

-4-

to the claim." *Bakeman v Citizens Ins Co of the Midwest*, 344 Mich App 66, 74; 998 NW2d 743 (2022) (quotation marks omitted). "[T]he critical concern is whether plaintiff knew that false material information had been provided." *Id*. at 75.

Plaintiff maintains it did not know the referral was forged and defendant never presented evidence plaintiff knew of the forgery when plaintiff submitted its claim. However, our Supreme Court has extended a claim to go beyond the initial filing with the MAIPF. *Williamson II*, ___ Mich at ___; slip op at 9. The Supreme Court held:

> Many plaintiffs in no-fault cases seek continuing care benefits while litigating against an insurer. The Court of Appeals' overbroad rule suggests that once litigation commences, MCL 500.3173a(4) would no longer penalize fraudulent statements aimed at obtaining benefits sought while litigation is ongoing. Nothing in the statute suggests that the Legislature desired such a result. [*Id*.]

Under our Supreme Court's holding in *Williamson II*, acts of insurance fraud continue into the litigation. *Id*. Plaintiff became aware of the forged referral when defendant filed its initial motion for summary disposition in district court, and defendant provided the affidavit of Dr. Toweh averring the referral was forged.

Additionally, plaintiff did not provide any evidence it was unaware of the forgery before litigation, such as by affidavit. MCR 2.116(G)(4) requires that

> [a] motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial.

Defendant provided the affidavit of Dr. Toweh and the deposition of Smith to show, by deduction, the only interested party who could have made the forgery was plaintiff. Plaintiff simply asserted it lacked knowledge of the forgery, which is insufficient under the court rule to establish a genuine issue for trial after defendant submitted evidence plaintiff had knowledge of the forgery. *Id*.

Lastly, plaintiff challenges the fifth *Candler* element arguing the referral is not material to the claim because plaintiff does not need a referral to render chiropractic services. Further, plaintiff contends the referral is not material because it did not rely on the referral when it filed its initial claim with the MAIPF. "A statement is material if it is reasonably relevant to the insurer's investigation of a claim." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 425; 864 NW2d 609 (2014), abrogated on other grounds by *Williams v Farm Bureau Mut Ins Co of Mich*, 335 Mich App 574; 967 NW2d 869 (2021) (quotation marks and citation omitted). Plaintiff does not explain why a forged referral is not reasonably relevant to defendant's investigation of the claim plaintiff submitted. Plaintiff contends it did not file the forged referral in its initial claim with the MAIPF, but fraudulent insurance acts continue into trial. *Williamson II*, ___ Mich at ___; slip op at 9.

Thus, plaintiff has not demonstrated a genuine issue of material fact with respect to the *Candler* elements. Because there is no dispute that plaintiff's claim for benefits was supported by

a fraudulent insurance act, the claim is ineligible for payment under the MACP. *El-Khalil*, 504 Mich at 160; MCL 500.3173a(2). Therefore, the trial court properly granted defendant's motion for summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Noah P. Hood