*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANESTHESIA SERVICES AFFILIATES,

Plaintiff-Appellant,

and

MICHIGAN AMBULATORY SURGICAL
CENTER and PHASE ONE REHAB, LLC,

Intervening Plaintiffs-Appellants

v

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
October 06, 2025
9:25 AM

No. 369778
Wayne Circuit Court
LC No. 22-007561-CZ

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

After she was involved in an automobile accident, Teresa Davis treated with plaintiff, Anesthesia Services Affiliates, and intervening plaintiffs, Michigan Ambulatory Surgical Center and Phase One Rehab, LLC (all three entities collectively "plaintiffs"). Plaintiffs filed this action seeking personal protection insurance (PIP) benefits from Davis's insurer, defendant, Allstate Property and Casualty Insurance Company (Allstate).[1] The trial court initially denied Allstate's motion for summary disposition, but granted reconsideration and dismissed plaintiffs' claims under MCR 2.116(C)(10). Plaintiffs appeal by right the trial court's order. Because the trial court erroneously dismissed plaintiffs' claims on the basis of fraud in the inducement of the insurance contract, we reverse and remand for further proceedings.

---

[1] Anesthesia Services Affiliates filed a complaint against Allstate, and Michigan Ambulatory Surgical Center and Phase One Rehab, LLC, filed an intervening complaint.

# I. FACTS AND PROCEEDINGS

Davis was involved in a motor-vehicle accident as she attempted to make a U-turn on Gratiot Avenue in Detroit. She initially declined medical treatment, but ultimately sought treatment and submitted an application for PIP benefits with Allstate. On the application, Davis stated that she injured her lower back, neck, right knee, and both shoulders during the accident. She checked the "No" box to a question asking whether she received medical treatment for the same or similar symptoms before the accident. Plaintiffs performed a series of surgical procedures and provided medical equipment to treat Davis's injuries to her shoulders and right knee. After Allstate refused to pay their claims, plaintiffs filed their complaint and intervening complaint against Allstate.

Allstate moved for summary disposition under MCR 2.116(C)(10), arguing that Davis made numerous misrepresentations in her application for benefits and to her medical providers in exchange for treatment. Allstate also asserted that Davis made misrepresentations to its representatives who investigated her claims. Allstate maintained that Davis fraudulently misrepresented her pre-accident medical condition and physical status as well as her post-accident physical capabilities. It argued that Davis's fraudulent misrepresentations barred plaintiffs' claims, which were derivative of Davis's claims. Allstate relied on the fraud or misrepresentation exclusion in Davis's policy, which stated that the policy was void from its inception if the insured made fraudulent statements regarding a claim. It also relied on *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), abrogated in part by *Williams v Farm Bureau Mut Ins Co of Mich*, 335 Mich App 574; 967 NW2d 869 (2021).

Plaintiffs opposed Allstate's motion, arguing that Davis had filed her own action for PIP benefits against Allstate, which Allstate settled with full knowledge of Davis's alleged fraud. Plaintiffs asserted that Allstate's settlement of Davis's action precluded its fraud defense with respect to their claims. They also argued that the motor-vehicle accident caused Davis's injuries as her surgeon, Dr. Gary Gilyard, determined. They maintained that Dr. Gilyard's testimony created a question of fact for trial. Further, plaintiffs asserted that Allstate's reliance on *Bahri* was misplaced because this Court determined in *Williams* that *Meemic Ins Co v Fortson*, 506 Mich 287; 954 NW2d 115 (2020), abrogated *Bahri* in part and that *Bahri* remains good law only in cases involving fraud in the inducement of the insurance contract.

Allstate filed a reply brief, arguing that although *Meemic* held that an insurer could rescind a policy only if the fraud related to the inducement of the insurance contract, an insurer could nevertheless deny a claim if the fraud occurred after the inducement. Allstate maintained that it did not seek to void the policy, but rather, it sought to deny plaintiffs' claims.

On October 12, 2023, the trial court entered a praecipe order denying Allstate's motion without oral argument. Regarding the basis for denial, the order simply stated, "Question of Fact." Allstate moved for reconsideration, which the trial court granted in a praecipe order, stating "Fraud in the inducement of the contact [sic]." Plaintiffs then moved for reconsideration, arguing that Davis's alleged fraud did not occur in the procurement of the insurance contract. Allstate moved for leave to file a response to plaintiffs' motion. On December 27, 2023, the trial court entered an order again granting Allstate's motion for reconsideration "for the reasons stated on the written

decision issued on the Praecipe dated November 21, 2023."[2]  Thereafter, the trial court granted Allstate's motion to file a response to plaintiffs' motion for reconsideration.  On January 30, 2024, the trial court denied plaintiffs' motion for reconsideration, stating "No reconsideration of a reconsideration motion.  The proper Court is the Michigan Court of Appeals."  This appeal followed.

## II. JURISDICTION

We first address Allstate's argument that this Court lacks jurisdiction to decide this appeal. The trial court entered the praecipe order denying Allstate's motion for summary disposition on October 12, 2023, and Allstate moved for reconsideration, which the trial court granted in a praecipe order entered on November 22, 2023.  Allstate maintains that plaintiffs' motion for reconsideration thereafter constituted an improper second motion for reconsideration.  Allstate submits that plaintiffs were required to either move for reconsideration of the October 12, 2023 order themselves or move to file a response to Allstate's motion for reconsideration.  However, it would have been illogical for plaintiffs to seek reconsideration of an order in their favor, and the Michigan Court Rules did not require plaintiffs to move to respond to Allstate's motion for reconsideration.

After the trial court entered the November 22, 2023 order granting Allstate's motion for reconsideration, plaintiffs timely filed their *first* motion for reconsideration.  Because the November 22, 2023 order reversed the earlier order denying Allstate's motion for summary disposition, it granted summary disposition in Allstate's favor and constituted a "final order." MCR 7.202(6)(a)(i) defines a "final order" in a civil case as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ."  Pursuant to MCR 7.203(A)(1), this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . ."  "The time limit for an appeal of right is jurisdictional."  MCR 7.204(A).  Unless otherwise provided, "an appeal of right in any civil case must be taken within 21 days."  MCR 7.204(A)(1).  Under MCR 7.204(A)(1)(d), the 21-day period "runs from the entry of:

> (d) an order deciding a postjudgment motion for new trial, rehearing, reconsideration, or other relief from the order or judgment appealed, if the motion was filed within the initial 21-day appeal period or within any further time that the trial court has allowed for good cause during that 21-day period.

On February 19, 2024, plaintiffs filed their claim of appeal from the November 22, 2023 order.  Plaintiffs' appeal was timely because they timely filed their motion for reconsideration of the November 22, 2023 order in the trial court and filed their claim of appeal within 21 days of the January 30, 2024 order denying their motion for reconsideration.  Because plaintiffs timely filed their claim of appeal, and the November 22, 2023 order was a final order appealable by right, this Court has jurisdiction to decide this appeal.

---

[2] Although the trial court signed the order on November 21, 2023, the order was filed with the trial court clerk on November 22, 2023.

### III. SUMMARY DISPOSITION

"This Court reviews de novo a trial court's decision to grant or deny summary disposition." *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 671; 939 NW2d 738 (2019). "Summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id*. We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Id*. at 672. "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*.

The trial court granted Allstate's motion for reconsideration, and thereby granted summary disposition in Allstate's favor, on the basis of "fraud in the inducement" of the insurance contract. "Essentially, fraudulent inducement occurs when a party to a contract was induced to enter into that contract by fraud of the other party." *Meemic Ins Co*, 506 Mich at 305 n 13 (quotation marks and citations omitted). In such cases, "the contract is voidable at the option of the defrauded party." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 408; 919 NW2d 20 (2018) (quotation marks, citations, and emphasis omitted). The trial court's determination was erroneous because nothing in the record indicates that Davis made fraudulent statements during the application process to induce Allstate to enter into the insurance contract. Moreover, Allstate did not argue as such in its motion for summary disposition. Accordingly, the trial court's order granting reconsideration and granting Allstate's motion for summary disposition was erroneous.

Although we need not address the parties' remaining arguments considering our holding that the trial court's order was erroneous, we briefly address Allstate's argument that plaintiffs' claims are barred as a result of Davis's fraud. Allstate asserts that plaintiffs' claims are derivative of Davis's claims and that "any actions of Ms. Davis prior to the onset of litigation also bind Appellants and prevent them from bringing the present suit." We note that plaintiffs' claims are not merely derivative of Davis's claims. In 2019, our Legislature amended the no-fault act, MCL 500.3101 *et seq*., and, as part of the amendment, MCL 500.3112 now provides that healthcare providers have a direct cause of action against an insurer to recover overdue benefits payable for products, services, and accommodations rendered to an injured person. *Mota-Peguero v Falls Lake Nat'l Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364103); slip op at 4. This Court has stated as follows regarding a healthcare provider's direct cause of action:

> Thus, a health-care provider no longer must stand in the shoes of an injured person to pursue a no-fault claim against an insurer. Consequently, the trial court erred in characterizing [the provider's] claim as "derivative" . . . . [*Id*. at ___; slip op at 4-5.]

While we express no opinion regarding the effect, if any, of Davis's alleged fraud on plaintiffs' claims, we note that plaintiffs' claims are not derivative and that plaintiffs do not stand in Davis's shoes with respect to their claims.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett