*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

ESTATE OF CALVIN BERNARD, by WALTER
BERNARD, JR., Personal Representative,

        Plaintiff-Appellant,

v

JANICE MARIE AVERS, ANCHOR BAY
PACKAGING CORPORATION, and GRANGE
INSURANCE COMPANY OF MICHIGAN,

        Defendants-Appellees.

UNPUBLISHED
April 8, 2021

No. 348048
Wayne Circuit Court
LC No. 17-005348-NI

---

ESTATE OF CALVIN BERNARD, by WALTER
BERNARD, JR., Personal Representative,

        Plaintiff-Appellant,

v

JANICE MARIE AVERS and ANCHOR BAY
PACKAGING CORPORATION,

        Defendants,

and

GRANGE INSURANCE COMPANY OF
MICHIGAN,

        Defendant-Appellee.

No. 348049
Wayne Circuit Court
LC No. 17-005348-NI

---

Before: LETICA, P.J., and GLEICHER and O'BRIEN, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

-1-

I concur with the majority's conclusion and analyses regarding plaintiff's third-party claim alleging a serious impairment of body function under MCL 500.3135(1), and the majority's vacation of the attorney fee award. My disagreement with the majority centers on plaintiff's first-party claim. In my view, the issue is controlled by this Court's recent decision in *Williams v Farm Bureau Mut Ins Co of Mich*, __ Mich App __; __ NW2d __ (2021) (Docket No. 349903).

The majority affirms the trial court's grant of summary disposition of plaintiff's first-party claim, holding that defendant Grange Insurance Company properly rescinded the no-fault policy under which Calvin Bernard sought first-party benefits. Citing this Court's opinion in *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), the majority concludes that "clear evidence" supports that Bernard made fraudulent representations in support of his claim for replacement services and "suppressed the truth with the intent of defrauding Grange." The fraud-exclusion provision in the policy therefore permitted Grange to rescind the policy, the majority holds.

The majority acknowledges that in *Meemic Ins Co v Fortson*, 506 Mich 287; 954 NW2d 115 (2020), the Supreme Court held that a fraud-exclusion provision in a no-fault policy could not be applied to mandatory no-fault benefits but asserts that the *Meemic* Court "left open the question of whether *Bahri* [had been] properly decided." *Meemic* did, in fact, decide that *Bahri*'s central holding is not applicable to cases like the one before us. In its final paragraph, *Meemic* holds that a "contractual antifraud provision is *invalid* and *unenforceable* because it is not based on a statutory or unabrogated common-law defense." *Id.* at 316 (emphasis added). This holding is incompatible and irreconcilable with *Bahri*, in which this Court upheld and applied a contractual antifraud provision. See *Bahri*, 308 Mich App at 425 ("We agree with the trial court that the fraud exclusion applied in the instant case."). *Williams* adhered to *Meemic* virtually word for word by holding that a "contractual antifraud provision is invalid and unenforceable because it is not based on a statutory or unabrogated common law defense." *Williams*, ___ Mich App at ___, slip op at 3. The majority offers no explanation of why or how the case now before us falls outside that rule.

With its silence, the majority fails to contend with—or even acknowledge—*Meemic*'s central holding. Instead, the majority rejects *Williams*, characterizing it as "wrongly decided." *Williams* is a published opinion and binding precedent of this Court. MCR 7.215(C)(2). See also MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals . . . ."). The defendant in *Williams* did not file an application for leave to appeal, and the time for doing so has expired. The majority's discomfort with *Williams* could have precipitated a call for a conflict panel, but the majority does not do so. Instead, contrary to the court rules and to the principles of stare decisis, the majority declines to follow *Williams*, a case that faithfully applied *Meemic* and constitutes clearly established precedent of this Court.

The majority's refusal to be bound by *Williams* is but a small transgression compared with its failure to follow the letter and spirit of *Meemic*, on which *Williams* rests. In holding a postprocurement fraud defense "invalid and unenforceable" in cases exactly like this one, the Supreme Court observed that a postprocurement fraud defense "fails because it is not the type of common-law fraud that would allow for rescission." *Meemic*, 506 Mich at 310. The Court explained that "[a]t common law, the defrauded party could only seek rescission, or avoidance of

the transaction, if the fraud related to the inducement to or inception of the contract." *Id*. at 305. *Williams* conscientiously adhered to that analysis.

Contrary to the majority in this case, *Williams* neither "overrules" nor "abrogates" *Bahri*. The Supreme Court undermined a portion of *Bahri*'s holding in *Meemic*, and a fair reading of *Meemic* leads to the inescapable conclusion that when it comes to postprocurement fraud, *Bahri*'s foundation is precedentially rotten. Following *Bahri*, rather than *Meemic*, deeply tarnishes the majority opinion, regardless of how the majority feels about *Williams*.

Based on *Williams*, I would hold that Grange was precluded from rescinding the policy at issue, and that summary disposition of plaintiff's first-party claims were improperly granted. In *Meemic*, 506 Mich at 304 n 10, the Supreme Court pointed out that "[a]n insurer can reject fraudulent claims without rescinding the entire policy."

I would remand for a jury to determine whether plaintiff was entitled to any of the first-party benefits he seeks. At a trial, Grange is certainly entitled to defend against payment of benefits with evidence of Bernard's dishonesty and his ability to perform tasks requiring strength, mobility, or physical resilience. The surveillance evidence Grange presented in support of summary disposition is relevant to whether the services for which payment is sought were necessary. *Williams* instructs that the remedy for Bernard's fraud—if fraud is proven—is a fact finder's determination that his benefit claims are unavailing, not recission of the policy. I would remand for such a determination.

/s/ Elizabeth L. Gleicher