*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID YOUNG,

        Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY and KANAY ASHANTI TAYLOR,

        Defendants,

and

FARMERS INSURANCE EXCHANGE,

        Defendant-Appellee.

UNPUBLISHED
May 30, 2024

No. 365929
Wayne Circuit Court
LC No. 20-014576-NI

Before: GARRETT, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant, Farmers Insurance Exchange (Farmers), challenged plaintiff, David Young's, application for first-party, no-fault benefits as a fraudulent insurance act under MCL 500.3173a(4). Farmers did not challenge the statements in Young's application alone, also contending Young's statements made during discovery and to medical providers *after* filing this first-party no-fault action amounted to fraudulent insurance acts. The trial court summarily dismissed Young's complaint relying on both sets of evidence. This was error. "Statements made for the first time during discovery cannot form the basis of a fraudulent insurance act under MCL 500.3173a(4)." *Williamson v AAA of Mich*, 343 Mich App 496, 512-513; 997 NW2d 296 (2022).[1] Despite this error, there is no question of fact that Young knowingly submitted inaccurate statements material

---

[1] The Supreme Court granted oral argument on the application for leave to appeal in *Williamson* to address whether MCL 500.3173a(4) "applies to misrepresentations offered during discovery." *Williamson v AAA of Mich*, 511 Mich 978 (2023).

to his claim in his application for benefits. This supported the summary dismissal of Young's claims, and we affirm.[2]

## I. BACKGROUND

This case arises from a November 2019 motor vehicle accident. Young was riding as a front-seat passenger in a friend's vehicle. As they were sitting at a stop sign, Taylor struck the vehicle in the rear driver's side, causing Young to hit his head on the right-side panel of the vehicle's door and briefly lose consciousness. After the accident, Young went to Sinai-Grace Hospital's Emergency Department (Sinai-Grace) complaining of pain in his head, thigh, and neck, and was treated for cervical spinal tenderness. Young was also treated by American Medical Center (AMC), underwent physical therapy at Providence Regional Rehabilitation Center (Providence), and had several MRIs.

Young subsequently applied for personal injury protection (PIP) benefits through the Michigan Assigned Claims Plan (MACP), maintained by the Michigan Automobile Insurance Placement Facility (MAIPF). See MCL 500.3173a(1). Young's application states:

APPLICATION FOR PERSONAL INJURY PROTECTION BENEFITS

___

[2] Young also challenged the trial court's order granting summary disposition to Progressive Michigan Insurance Company (Progressive). Progressive was dismissed by stipulation after Young filed his claim of appeal. *Young v Progressive Mich Ins Co*, unpublished order from the Court of Appeals, entered September 12, 2023 (Docket No. 365929). Thus, we will not address Young's claims related to Progressive.

Young later filed suit, claiming, in part, that he was entitled to recover PIP benefits from the MACP and MAIPF. The MACP and MAIPF assigned Young's claim to Farmers. Farmers was substituted as a defendant, and the MACP and MAIPF were dismissed by stipulation. During discovery, Young testified that he was in a separate motor vehicle accident in September 2019. Throughout his deposition, Young struggled to recall the details of his injuries from the September accident, claiming that he had a bad memory. Young also made several contradictory statements about his injuries and the treatment he received as a result of the September accident. Relevant here, despite initially claiming that he was not injured in the September accident, Young admitted that he received MRIs, medication, and physical therapy for a back injury he sustained during the accident. Young denied having any other injuries from the September accident.

Farmers moved for summary disposition, arguing that Young was ineligible for PIP benefits under MCL 500.3173a(4) because he knowingly submitted false information in support of his claim for benefits, including false statements made during his deposition and to medical providers. In support of its motion, Farmers attached medical records from Young's September accident. These records show that Young was seen at Detroit Medical Center's Emergency Department (DMC), Select Medical Group (Select Medical), and Standard Rehabilitation, Inc. (Standard Rehab) for headaches and pain in his neck, shoulders, arms, hips, and back. Young received multiple MRIs, participated in physical therapy several times per week, wore a sling, and was prescribed Norco and Ibuprofen. In response, Young argued that Farmers failed to show that he knowingly submitted false or misleading information in support of his PIP benefits claim and that it improperly relied on Young's statements made during discovery and to medical providers to show that he committed a fraudulent insurance act.

The trial court granted summary disposition to Farmers under MCR 2.116(C)(10), finding that "[t]here is no genuine issue of material fact in this case that [Young's] deposition testimony, medical claims, wage loss, and Replacement Services were unequivocally false. In addition, [Young] apparently knew that his claim for benefits was not truthful." This appeal followed.

## II. SUMMARY DISPOSITION

Young argues that the trial court improperly granted summary disposition because the court relied on statements made during discovery to establish a fraudulent insurance act under MCL 500.3173a(4), and Farmers failed to establish that he knowingly committed fraud.

## A. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). That means we review the issue independently, with no required deference to the trial court. *Millar v Constr Code Auth*, 501 Mich 233, 237; 912 NW 2d 521 (2018). When deciding a motion under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil*, 504 Mich at 160. If the moving party properly asserts and supports its motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The trial court must only grant summary disposition under MCR 2.116(C)(10) "when there is no genuine issue of material fact," meaning that "the record leaves

open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (cleaned up). "Underlying the trial court's summary disposition ruling are issues of statutory interpretation, which we also review de novo." *Williamson*, 343 Mich App at 503.

## B.  STATEMENTS MADE IN SUPPORT OF A CLAIM

Young first argues that the trial court erred by finding that he committed a fraudulent insurance act based on statements he made during discovery and to medical providers.

MCL 500.3173a(4), the statute governing fraudulent insurance acts made to insurers assigned by the MACP, states:

> *A person who presents* or causes to be presented *an oral or written statement*, including computer-generated information, *as part of or in support of a claim to the [MAIPF], or to an insurer to which the claim is assigned under the* [*MACP*], for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511].  A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment of [PIP] benefits under the [MACP].  [Emphasis added.]

> An individual commits a "fraudulent insurance act" under MCL 500.3173a if:

> (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF.  Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim.  [*Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 779-780; 910 NW2d 666 (2017).][3]

This Court has recognized that MCL 500.3173a(4) "exclusively uses the word 'claim' to describe a fraudulent insurance act that bars an individual from receiving PIP benefits through the MACP." *Williamson*, 343 Mich App at 509.  Thus, there is "a distinction between the prelitigation insurance claims process and the initiation of litigation through an action for recovery," and "[f]alse statements submitted during discovery, after an *action* for recovery has been filed, are not statements offered in support of a *claim* to the MAIPF or the assigned insurer." *Id*.

---

[3] As noted by this Court in *Williamson*, 343 Mich App at 506 n 6:

> When *Candler* was decided, the language currently found in MCL 500.3173a(4) was found in MCL 500.3173a(2).  The prior language was largely unchanged by the 2019 amendments, except for the clarifying language already discussed.  See 2019 PA 21.  Thus, the rule of law announced in *Candler*—the interpretation of a 'fraudulent insurance act' under MCL 500.3173a—controls.

-4-

In *Williamson*, the plaintiff submitted forms to comply with a discovery request. *Id*. at 504. The trial court found that the submission of the forms, containing inaccurate information, constituted a fraudulent insurance act, barring the plaintiff's claims. *Id*. at 504, 509. Because these forms were "submitted in response to a discovery request and not in support of the initial claim for benefits," and "[s]tatements made for the first time during discovery cannot form the basis of a fraudulent insurance act under MCL 500.3173a(4)," this Court held the trial court erred by granting summary disposition. *Id*. at 512-513. Similarly, in *Gary v Farmers Ins Exch*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361880); slip op at 5, this Court held that interrogatory answers and statements made in depositions were "not 'fraudulent insurance acts,' and do not create ineligibility for PIP benefits under MCL 500.3173a." Thus, although statements or evidence submitted during discovery may be used to prove that a statement submitted in support of a claim is false, these statements alone cannot "form the basis of a fraudulent insurance act." *Williamson*, 343 Mich App at 512-513; see also *Gary*, ___ Mich App at ___; slip op at 5.

In this case, Young would be ineligible for PIP benefits if Farmers can show that when Young submitted his claim for PIP benefits to the MACP/MAIPF, he included with his application a written or oral statement that he knew had false information about a material fact or other aspect of his claim. In its motion for summary disposition, Farmers claimed that Young committed a "fraudulent insurance act" based on statements made in his application for benefits, his deposition testimony, and to his medical providers. The trial court granted summary disposition to Farmers, finding that there was "no genuine issue of material fact in this case that [Young's] deposition testimony . . . [was] unequivocally false." But Young's testimony and statements made to his medical providers, obtained only after he had initiated this action to recover PIP benefits, cannot be used to establish a "fraudulent insurance act." See *Williamson*, 343 Mich App at 509-513. Further, the statute only applies to "statements offered *to the MAIPF or an assigned insurer* during the prelitigation claims process." *Id*. at 512 (emphasis added). Because Young's statements were offered to his *medical providers*, and not to the MAIPF or Farmers, they cannot be used to establish a "fraudulent insurance act." Thus, to the extent that the trial court relied on Young's deposition testimony and statements made to his medical providers as independent fraudulent insurance acts, this was error.

This error, however, does not end our inquiry. To determine whether the trial court properly granted summary disposition to Farmers, we must also review Young's statements made in his application for PIP benefits to decide whether he knowingly committed a fraudulent insurance act under MCL 500.3173a(4).

## C. KNOWLEDGE OF MATERIALLY FALSE STATEMENTS

Young contends that Farmers was not entitled to summary disposition because it failed to establish that he knowingly committed fraud in his application for PIP benefits.

As stated, to establish a "fraudulent insurance act" under MCL 500.3173a, the individual attempting to claim benefits "must have known that the statement contained false information," and that this statement concerned a fact material to the claim. *Candler*, 321 Mich App at 780. "A statement is material if it is reasonably relevant to the insurer's investigation of a claim." *Bahri v IDS Prop Cas Ins* Co, 308 Mich App 420, 425; 864 NW2d 609 (2014) (cleaned up), abrogated on other grounds by *Williams v Farm Bureau Mut Ins Co of Mich*, 335 Mich App 574; 967 NW2d

869 (2021). Because "the statute unambiguously establishes that the only scienter requirement is mere knowledge that the statement contains false information concerning a fact or thing material to the claim," an individual's subjective intent when making a statement is irrelevant. *Bakeman v Citizens Ins Co*, 344 Mich App 66, 74-75; 998 NW2d 743 (2022) (cleaned up). "[F]raud may be established by circumstantial evidence." *Foodland Distribs v Al-Naimi*, 220 Mich App 453, 458; 559 NW2d 379 (1996).

In his signed application for PIP benefits, Young disclosed that he injured his neck, back, hips, and head in the November accident. He stated that before the accident he suffered from a disc herniation and was treated at Henry Ford Health System (HFHS). But Young did not disclose any additional injuries, other providers, or medications. Young checked boxes acknowledging that the information contained in the application was "true and accurate," and that he understood the fraud warning stating he would be ineligible for PIP benefits if he knowingly submitted a statement containing false information:



Despite this acknowledgment, the record shows that Young did in fact make inaccurate statements in his application.

In his deposition, Young expressly stated that after the September accident, he did not seek treatment anywhere other than Sinai-Grace, and indicated that he did not make an insurance claim because he was not injured in the September accident. But Young's medical records show that after the September accident, he sought treatment from DMC, Select Medical, and Standard Rehab for headaches and pain in his neck, shoulders, arms, hips, and back. He received a CT scan of his spine at DMC, and Select Medical ordered an MRI for his shoulder, an MRI for his spine, and prescribed Norco and Ibuprofen. During a follow-up visit to Select Medical on October 16, 2019, Young wore a sling, claiming that his pain was so severe he could not lift or carry anything. To manage his pain, Young also attended 10 physical therapy appointments at Standard Rehab from October 17, 2019 through November 5, 2019.

After the November accident, Young sought treatment at AMC and Providence for pain in his neck, back, wrists, and hips. At AMC, he had six MRIs, four x-rays, and was prescribed

Meloxicam, Metaxalone, and a topical gel to relieve his joint pain.[4]  He participated in physical therapy at Providence from November 15, 2019, through February 3, 2020.  At the same time, in connection with the September accident, Young continued his treatment at Select Medical until February 6, 2020, and had an additional seven physical therapy sessions at Standard Rehab from November 8, 2019 through November 22, 2019.

Despite the application's instruction to attach a separate document if he sought treatment from more than one doctor or pharmacy, Young's application only states that he had a disc herniation for which he sought treatment from HFHS.  The evidence clearly shows that Young failed to disclose the full extent of his injuries and treatment.  This failure is not inconsequential.  Under MCL 500.3105(1), "an insurer is liable to pay benefits for accidental bodily injury arising out of the . . . use of a motor vehicle as a motor vehicle . . . ."  Thus, it is relevant for Farmers to discern what injuries and treatment arose from the November accident in order to pay Young PIP benefits.  Because Young failed to disclose the full extent of his injuries and treatment from the September accident, Farmers had no way to accurately determine what PIP benefits Young was owed for the November accident.

Record evidence supports that Young knowingly submitted inaccurate information that was material to his claim for PIP benefits.  In *Candler*, 321 Mich App at 782, this Court concluded that despite having a head injury, the plaintiff knowingly submitted false information that was material to his claim.  By contrast, in *Gary*, ___ Mich App at ___; slip op at 5, this Court held that there was a question of fact whether the plaintiff knowingly submitted false or inaccurate information because there was evidence that the plaintiff suffered cognitive deficits as a result of the accident, and that these cognitive deficits affected his memory and ability to understand the application for PIP benefits.  Additionally, in *Luchie v Citizens Ins Co of the Midwest*, unpublished per curiam opinion of the Courts of Appeals, issued November 30, 2023 (Docket No. 362230), pp 4-5,[5] the plaintiff failed to disclose in her application for benefits that she had post-accident right-knee pain, a years-long history of right-knee pain, and a history of treatment for back pain.  This Court found that because the plaintiff had sought extensive treatment from numerous doctors for her knee pain and "explicitly denied suffering from back pain before the accident," summary disposition was proper.  *Id*.

Here, Young claimed to have a poor memory, and that when he hit his head in the November accident, he briefly lost consciousness.  But there is simply no evidence indicating that his memory or cognitive functioning were impacted by the accident, and Young does not claim that he could not understand the application itself.  Further, before the November accident, Young sought treatment from three different providers, wore a sling, took medication, had several MRIs, and participated in no less than 10 physical therapy sessions with Standard Rehab.  Despite already being treated by medical providers for injuries sustained in the September accident, Young sought additional treatment from AMC and Providence, while also continuing treatment at Select Medical

---

[4] Unlike Norco, which is an opioid pain reliever, Meloxicam is an anti-inflammatory medication and Metaxalone is a muscle relaxer.

[5] Although unpublished opinions are not binding, we may consider them for their persuasive value. MCR 7.215(C)(1).

and Standard Rehab, even seeing multiple providers on the same day. Even so, in his application for benefits, Young omitted his injuries to his neck, wrists, and hips, and never mentioned Select Medical or Standard Rehab despite seeing them for treatment at least 12 times before the November accident, and continuing treatment with them for months afterward. Although Young's pre-accident injuries and treatment were not as extensive as the plaintiff in *Luchie*, given the volume and extent of treatment he received for his injuries arising from the September accident, there is no genuine issue of material fact that he knowingly submitted inaccurate information material to his claim for PIP benefits. Accordingly, we find that the trial court properly granted summary disposition to Farmers.

We affirm.

/s/ Kristina Robinson Garrett
/s/ Deborah A. Servitto
/s/ James Robert Redford